IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC X. RIVERS (MUHAMMAD),** Petitioner | : : : | No. 3:05cv515 |
| v. | : : | (Judge Munley) |
| **THE COMMONWEALTH OF PENNSYLVANIA,** Respondent | : : : : | |

## MEMORANDUM

Before the court for disposition is a petition for a writ of habeas corpus filed by state court inmate Marc X. Rivers pursuant to 28 U.S.C. § 2254. The matter has been fully briefed and is ripe for disposition.

**Background**

According to the petition, the Luzerne County Pennsylvania Court of Common Pleas entered judgments of conviction against petitioner on August 28, 2003 and April 26, 2004. He was convicted of terroristic threats, two counts of disorderly conduct, two counts of resisting arrest, one count of harassment and one count of contempt of court.[1]

Petitioner appealed to the Pennsylvania Superior Court. According to that court's opinion the background facts are as follows:

> On August 28, 2003, at his PFA hearing, appellant was ordered to refrain from threatening, harassing, or contacting Cleatrice Dempsey. Appellant became agitated with the court's decision and stated Dempsey had kidnapped his child and that Islam gives him the right to chop off Dempsey's feet and hands and crucify her. Appellant then turned directly to Dempsey and stated he was going to get her. Appellant was held in contempt of court and immediately sentenced to 6 months incarceration at the Luzerne County Correctional Facility. Two deputies then attempted to place appellant

---

[1] From the petition, it is impossible to determine the sentence imposed upon Rivers. He states that the sentence was "10 month to 50 month and 4 3 to 6 month sentence concurrent 6 month sentence." (Doc. 1, ¶ 3).

> under arrest, but he resisted by locking his elbows, swinging his arms, and striking one of the deputies in the stomach. During this time, appellant continued to quote Islamic religious passages and aver he was going to kill Dempsey upon his release from jail.

Superior Court opinion dated October 18, 2004.

The Superior Court denied his appeal on October 18, 2004. Petitioner then filed an "In Forma Pauperis Verified Statement" with the Pennsylvania Supreme Court. The court notified the petitioner that filing such a statement would not preserve the deadline for filing a petition for allowance of appeal, which was November 17, 2004.

The petitioner knew that he could not make the November 17, 2004 filing deadline, (Doc. 2, Memorandum in support of petition at 8) and therefore, he filed a motion for extension of time. The Supreme Court received the motion for extension of time on November 18, 2004, but did not immediately rule on it. Petitioner next sent a petition for allowance of appeal beyond the November 17th deadline. On December 8, 2004, the Supreme Court sent a notice to the petitioner indicating that the petition for allowance of appeal was being retained pending the decision on the motion for an extension of time.

On December 22, 2004, the court denied the motion for an extension of time, which rendered the petition for allowance of appeal untimely. Thus, the court indicated that the petition for allowance of appeal could not be addressed.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that the State courts have violated his federal constitutional rights. Petitioner also seeks to recover damages pursuant to 42 U.S.C. § 1983. He requests the following in damages: nominal damages of one thousand dollars per day incarcerated; ten trillion dollars in compensatory damages and ten trillion dollars in punitive damages. (Doc. 1, ¶ 12 D). After a careful review we find that the petitioner's habeas corpus petition and section

1983 claim should be denied.

**Discussion**

**I. Section 2254**

In pertinent part, 28 U.S.C.A. § 2254 reads:

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

42 U.S.C.A. § 2254(b).

More particularly, the law provides:

> All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts, 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts,"); Doctor, 96 F.3d at 678. Thus, except as we discuss below, and except for petitions which can be denied on the merits, federal courts refrain from addressing the merits of any claim raised by a habeas petitioner that was not properly exhausted in state court, Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "The exhaustion requirement ensures that state courts have the first opportunity to review convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir.1992).

Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000)(footnotes omitted). The burden of establishing that such claims were fairly presented falls upon the petitioner. Id.

If a claim is not fairly presented to the highest state court, it is not fully

exhausted. Exhaustion is satisfied, however, if the petitioner is barred from seeking further relief in state court by a state procedural rule. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir.1999). Where a procedural rule bars the petitioner from seeking further relief in the state courts, his claims are deemed "procedurally defaulted." A federal court cannot address the merits of a procedurally defaulted claim unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000). We will address cause/miscarriage of justice and prejudice separately.

**A.  Cause and miscarriage of justice**

Instantly, petitioner has procedurally defaulted on his claims as he could not bring them before the Pennsylvania Supreme Court due to his failure to meet the filing deadline. We must therefore determine whether he has established "cause and prejudice" or a "fundamental miscarriage of justice" to excuse the default.

According to the United States Supreme Court "cause" is present where the prisoner can show that some objective factor external to the defense that impeded his effort to comply with the State's procedural rule.
Murray v. Carrier, 477 U.S. 478, 488 (1986).

Petitioner has not established cause for his procedural default. Evidently, he argues that a notice dated November 8, 2004 sent from the Supreme Court misled him or extended the time limit for submitting his petition for allowance of appeal. We disagree.

The notice clearly states that he had thirty (30) days from October 18, 2004 to appeal the Superior Court decision and specifically states that the deadline is November 17, 2004. Petitioner was well aware that this was the deadline as is illustrated by the admission in his memorandum that he realized he could not

4

produce his petition in that amount of time and moved for an extension of time. The court denied the extension of time, which served as a prohibition to filing the petition for an allowance of appeal.

Petitioner has not established any external cause that kept him from filing a timely petition for allowance of appeal.[2]  In addition, he has not established a fundamental miscarriage of justice.  Accordingly, we cannot address the merits of his claims.

**B. Prejudice**

Moreover, prejudice cannot be demonstrated in the instant case, as the only issues that petitioner could possibly raise in a federal habeas corpus petition are wholly without merit.  The primary issue advanced by the petitioner is that his criminal behavior is excused by the Free Exercise of Religion Clause of the First Amendment of the United States Constitution.  He discusses this issue as a separation of church and state issue.  He further asserts that the Freedom of Speech Clause of the First Amendment of the United States Constitution excuses his behavior.  He also claims that his arrest and seizure were illegal and that the court lacked jurisdiction for these same reasons.  The petitioner's position is without merit.

---

[2]The November 8, 2004 notice listed the materials that the plaintiff needed to submit to file his petition for allowance of appeal. It further instructed the petitioner to submit the material within twenty (20) days.  This suggestion appears to be in conflict with the prior statement that the petition needed to be filed within 30 days of October 18, 2004, particularly November 17, 2004.  Petitioner clearly did not rely on the twenty (20) day period mentioned in the letter, however, as he sought an extension of time of the November 17, 2004 deadline.  It appears that he did not attach importance to the twenty (20) day limit mentioned by the court until his motion for an extension of time was denied.  Accordingly, we cannot find that he was prejudiced in any way by the notice.

The law provides that "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).' ") Employment Div., Dep't of Human Resources of Oregon v. Smith, 494 U.S. 872, 879 (1990).  Moreover, the United States Supreme Court has "never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." Id. at 878-79, quoted in Congregation Kol Ami v. Abington Township,309 F.3d 120, 139 n.5 (3d Cir. 2002).

Petitioner's argument that his religion and his right to free speech allow him to kill, threaten or otherwise harm another regardless of valid State laws is absurd on its face and wholly without merit.  We need not address it any further.

Petitioner has raised no other valid arguments as to why the court that sentenced him lacked subject matter jurisdiction, or how he was subject to an illegal arrest and seizure.  Accordingly, even if we could address the merits of his petition, it would be denied.

## II.  Section 1983

Petitioner has not raised any valid claim that any of his rights were violated so as to justify a damages claim under 42 U.S.C. § 1983.

The United States Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87(1994) (emphasis in original).

The convictions of which the petitioner complains in his petition have not been reversed, expunged, declared invalid or called into question. Accordingly, he can receive no relief under section 1983 and that claim shall be dismissed.

**Conclusion**

Rivers' petition for a writ of habeas corpus pursuant to section 2254 will be denied. He has procedurally defaulted his claims and has failed to demonstrate cause and prejudice. Therefore, we cannot address his claims. Even if we could address his claims, however, they would be dismissed as wholly lacking in merit. In addition, the petitioner's claim for damages under § 1983 will be denied as meritless. An appropriate order follows.[3]

---

[3]Petitioner has also filed a motion for leave to file an additional reply brief in its entirety and a motion for summary judgment, both of which will be denied.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARC X. RIVERS (MUHAMMAD),** Petitioner | No. 3:05cv515 |
| v. | (Judge Munley) |
| **THE COMMONWEALTH OF PENNSYLVANIA,** Respondent | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

ORDER

    **AND NOW,** to wit, this 18th day of November 2005, the instant petition for a writ of habeas corpus is hereby **DENIED**. The petitioner's claim for damages under 42 U.S.C. § 1983 is also dismissed. The Clerk of Court is directed to close this case.

    Petitioner's motion for leave to file his additional reply brief in its entirety (Doc. 24) is **DENIED**, and his motion for summary judgment (Doc. 25) is **DENIED**.

    Based upon the reasoning in the accompanying memorandum, we decline to issue a certificate of appealability.

                                      BY THE COURT:

                                      s/ James M. Munley
                                      JUDGE JAMES M. MUNLEY
                                      United States District Court